UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DAVID A. SPRY, Petitioner, v. K. VINARDI, Respondent. | ) | No. 2:26-cv-00431-JPH-MKK |

**ORDER ON POST-JUDGMENT MOTIONS**

This disciplinary habeas action was dismissed on June 25, 2026. Dkts. 6, 7. The Court now resolves pending post-judgment motions.

**I.**

On July 2, 2026, petitioner Spry filed a motion for court assistance asking if this case is open. Dkt. 10. He acknowledges that he had improperly filed four copies of a single petition, which resulted in two habeas actions being opened on the docket. This disciplinary habeas action, one of the two cases opened on the docket, was dismissed because the petition showed that the sanctions imposed did not include the loss of earned credit time or a demotion in credit-earning class. Dkts. 6, 7. The petitioner reported that he was only sanctioned with a written reprimand and a 45-day phone restriction. Dkt. 1. Mr. Spry's motion for assistance, dkt. [10], is **denied** because this case remains closed.

**II.**

Mr. Spry's motion for reconsideration, filed on July 2, 2026, is treated as a Rule 59 motion. "A Rule 59(e) motion can be granted only where the movant

clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Barrington Music Prod., Inc. v. Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019). "A manifest error occurs when the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Illinois*, 865 F.3d 861, 868 (7th Cir. 2017), *as amended* (Aug. 8, 2017). Relief through a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Runnion ex rel. Runnion v. Girls Scouts of Greater Chicago,* 786 F.3d 510, 521 (7th Cir. 2015).

In his motion to reconsider, the petitioner argues that "[t]he prison disciplinary proceeding that Spry was found guilty of prohibits Spry from being granted release to parole. This itself demonstrates that his custody is in violation of the Constitution." Dkt. 11. Spry has presented no evidence that he was, in fact, denied release on parole solely because of the disciplinary conviction at issue in this case. The burden is on him to do so. *Eichwedel v. Curry*, 700 F.3d 275, 279 (7th Cir. 2012). Unlike in criminal convictions, there is no presumption in disciplinary cases that there are collateral consequences from a conviction to a denial of parole. *Id.* Mr. Spry's assertion seems to be, at best, speculation or a possibility.

There was no manifest error in the dismissal of this case, and no newly discovered evidence has been presented. The dismissal of this case for lack of "custody" was proper. Therefore, Mr. Spry's Rule 59 motion to reconsider, dkt. [11], is **denied.**

## III.

In its August 27 Order, the Court gave Mr. Spry the opportunity to supplement the record with a copy of the disciplinary hearing report for this case. Dkt. 12. In his motions for court assistance, Mr. Spry informs the Court that he has been unable to obtain a copy. Because Mr. Spry does not dispute his original allegation that he was sanctioned with a written reprimand and a 45-day phone restriction, it is not necessary for him to provide additional documentation. Therefore, the Court **rescinds** its Order of August 27, 2026, dkt. [12], and Mr. Spry's motions for court assistance in obtaining additional documents, dkt. [13], dkt. [15], are **denied as moot.**

**SO ORDERED.**

Date: 9/21/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DAVID A. SPRY
865135
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only